**Mary OZEROFF, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16271.**

United States Court of Appeals
Ninth Circuit.

Oct. 1, 1959.

Powell & Loney, Dean W. Loney, Kennewick, Wash., for appellant.

Perry W. Morton, Asst. Atty. Gen., Roger P. Marquis, Atty., Dept. of Justice, Washington, D. C., Dale M. Green, U. S. Atty., Robert L. Fraser, Asst. U. S. Atty., Spokane, Wash., for appellee.

Before CHAMBERS, BARNES, and HAMLEY, Circuit Judges.

PER CURIAM.

The United States brought this unlawful detainer action against Mary Ozeroff to obtain restitution of premises located at Richland, Washington, and to recover for unpaid rental. Summary judgment was entered for plaintiff, and defendant appeals.

Claiming to be a tenant from month to month after expiration of a lease on the premises held by her brother, appellant argues that the form of notice to quit did not comply with the applicable Washington statutes, RCW 59.04.020 and 59.-12.030(2), and was therefore ineffective. Specifically, appellant urges, the notice purported to require her to vacate the premises prior to the end of the month, contrary to the cited statutes.

■ The record fails to substantiate the contention that appellant was a tenant from month to month, or on any other terms. In so far as the record shows, she was a person who, after the expiration of her brother's lease, remained in possession of the premises without the permission of the owner. She was therefore guilty of unlawful detainer when she failed to remove herself from the premises after the written notice which was given, only three days' notice being required. RCW 59.12.030(6).

■ As an additional reason why she should not be ordered to vacate the premises, appellant asserts that she was entitled to purchase the premises in question pursuant to the Atomic Energy Community Act of 1955, 42 U.S.C.A. § 2301 et seq.

No such affirmative defense was formally pleaded. There is in the record an indication that the trial court permitted the pleadings to be amended to conform to the proof "so that that remedy would be available to you." But there is no indication as to what pleadings were being amended or what "remedy" was thus being made available.

Aside from these inadequacies in the record, it would appear that the court was without jurisdiction to consider this defense or counterclaim, since the Government had not consented to be sued as to such matter. But, in any event, appellant failed to establish that she was an "occupant" entitled to a priority right to purchase the premises, within the meaning of 42 U.S.C.A. § 2304(g).

Affirmed.